**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000667**
**06-FEB-2019**
**08:22 AM**

NO. CAAP-18-0000667

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRISTOPHER YOUNG, Plaintiff-Appellant, v. POMAIKAI HOLDINGS, INC., doing business as RE/MAX PROPERTIES; CHARLES H. AKI; ANDREA A'ANA; RICHARD K. TAHARA; MARJORIE T. TAHARA; JOHN DOE 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; & DOE GOVERNMENT ENTITIES 1-10, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 17-1-412)

ORDER
GRANTING JANUARY 25, 2019 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza Chief Judge, Fujise and Leonard, JJ.)

Upon review of (1) a January 25, 2019 motion by Defendants-Appellees Pomaikai Holdings, Inc., doing business as Re/Max Properties (Pomaikai Holdings), Charles H. Aki (Aki), and Andrea A'ana (A'ana) to dismiss appellate court case number CAAP-18-0000667 for lack of appellate jurisdiction, (2) the lack of any memorandum by Plaintiff-Appellant Christopher Young (Young), pro se, in opposition to the January 25, 2019 motion, and (3) the record, it appears that we lack appellate jurisdiction over Young's appeal from the Honorable Henry T. Nakamoto's July 25,

2018 interlocutory "Order Denying Plaintiff's Motion Requesting Hearing Pursuant to HRCP Rule 55(d)(2) and Jury Trial for Punitive Damages, Declaration of Christopher Young in Support of Application for Default Judgment Filed May 15, 2018 and Declaration of Christopher Young in Support of Application for Default Judgment Filed May 14, 2018" (the July 25, 2018 interlocutory order) because the circuit court has not yet entered a final judgment in Civil No. 17-1-412.

Hawaii Revised Statutes ("HRS") § 641-1(a) (2016) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). The July 25, 2018 interlocutory order is not a final judgment. On October 26, 2018, the circuit court clerk filed the record on appeal for appellate court case number CAAP-18-0000667, which does not include a final judgment.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the July 25, 2018 interlocutory order does not

2

satisfy the requirements for appealability under the <u>Forgay</u> doctrine, the collateral order doctrine, or HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-18-0000667.

Therefore, IT IS HEREBY ORDERED that Pomaikai Holdings, Aki, and A'ana's January 25, 2019 motion to dismiss this appeal is granted, and appellate court case number CAAP-18-0000667 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, February 6, 2019.

Chief Judge

Associate Judge

Associate Judge

3